Richard M. Stephens
STEPHENS & KLINGE LLP
~~601 -108th Avenue NE, Suite 1900~~
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-429-2532

Formatted: Superscript

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENRIQUE JEVONS as managing member of Jevons Properties LLC, JEVONS PROPERTIES LLC, FREYA K. BURGSTALLER as trustee of the Freya K. Burgstaller Revocable Trust, JAY GLENN and KENDRA GLENN,<br><br>   Plaintiffs,<br><br>vs.<br><br>JAY INSLEE, in his official capacity of the Governor of the State of Washington and ROBERT FERGUSON, in his official capacity of the Attorney General of the State of Washington,<br><br>   Defendants. | Case No. 1:20-cv-03182-SAB<br><br><br>~~COMPLAINT~~FIRST AMENDED COMPLAINT |

Comes now, Richard M. Stephens and Stephens & Klinge LLP, Attorneys at Law, on behalf of Plaintiffs Enrique Jevons as managing

~~COMPLAINT~~FIRST AMENDED COMPLAINT - 1

Formatted: Superscript

member of Jevons Properties LLC, Jevons Properties LLC, Freya K. Burgstaller as trustee of the Freya Burgstaller Revocable Trust, Jay Glenn and Kendra Glenn and allege as follows:

## <u>INTRODUCTION</u>

1. In the wake of the novel coronavirus, Defendant Governor Jay Inslee, State of Washington, ("Defendant" or "Governor") State of Washington hastily instituted a series of emergency proclamations numbered as Proclamation 20-19 through 20-19.4 which prohibit people who provide rental housing from exercising their contractual and statutory remedies to evict tenants who have no right to remain in their property. These includes tenants who refuse to pay rent for any or no reason whatsoever, knowing that they cannot be evicted for not paying rent and cannot be charged any late fees or be subject to an enforceable debt or obligation that is collectable for being delinquent on rental payments.

2. Plaintiffs are sympathetic to tenants who have actually suffered hardship due to the COVID-19 Pandemic. Plaintiffs have every incentive to work with those tenants who do not have the financial means to pay all or some portion of their rent. However, the

~~COMPLAINT~~FIRST AMENDED COMPLAINT - 2

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

Proclamations actively undermine any such attempts at cooperation and allow tenants who have the ability to pay all or some of their rent to ignore and ultimately escape their contractual obligations for the foreseeable future regardless of whether they have been financially harmed by the Pandemic.

3. While many businesses have suffered as a result of the Pandemic, the owners of rental property are the only people who are required by any of the Governor's emergency proclamations to continue to provide a good or service without charge. Stores and restaurants lost business opportunities due to the Pandemic, but they were not required to continue to provide goods or food to customers without an ability to charge for the items they sold. The Governor's Proclamations regarding eviction require housing providers to continue to provide rental housing without an ability to insist that tenants pay for the privilege they purchased when they voluntarily entered into their leases.

4. Additionally, the owners of rental property are still required to pay property taxes and, in many situations, pay for sewer, water, garbage services even though the tenants in their property are not paying rent.

Formatted: Superscript

5. The Proclamations violate the rights of people who provide rental housing by destroying a fundamental feature of their contracts, oppressively placing on them the burden of providing free housing to any and all tenants instead of properly spreading the burden on the public as a whole, and essentially mandating that their property be used for private use by tenants, a burden which is absolutely prohibited by Article I, Section 16 of the Washington state constitution.

## JURISDICTION AND VENUE

6. This action arises under the Article I, Section 9 and the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This action also seeks relief for violation of state constitutional rights pursuant to Article I, ~~Section 10 and~~ Section 16 of the Washington state constitution (the ~~"Contracts Clause" and~~ "Takings Clause~~," respectively~~"). This Court has jurisdiction over th~~is~~ese state law based claim~~s~~ through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). This Court has authority to award the requested declaratory and injunctive relief pursuant to 28 U.S.C. § 2201,

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

28 U.S.C. § 1343(a) and 42 U.S.C. §§ 1983 and 1988(a); and award recovery of attorney's fees pursuant to 42 U.S.C. § 1988(b).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district and all of the property that is the subject of this action is situated in this district.

## PARTIES

8. Plaintiff Enrique Jevons is the managing member and owner of Jevons Properties LLC which owns residential rental property rented to tenants in Yakima, Washington. Mr. Jevons is a resident of Yakima County.

9. Plaintiff Freya K. Burgstaller is the trustee of the Freya K. Burgstaller Revocable Trust, the owner of residential rental property which is rented to tenants in Yakima, Washington. Freya Burgstaller is a resident of Yakima County.

10. Plaintiffs Jay and Kendra Glenn are the owners of residential rental property which is rented to tenants in Yakima, Washington. The Glenns are residents of Utah.

COMPLAINTFIRST AMENDED COMPLAINT - 5

Formatted: Superscript

11. Defendant Jay Inslee (Governor) is sued herein in his official capacity as the Governor of the State of Washington, who is the promulgator of the Proclamations and the executive officer with the responsibility to enforce his Proclamations. Because this case seeks only declaratory and injunctive relief, Jay Inslee is a "person" who can be subject to suit under 42 U.S.C. §§ 1983 and 1988.

12. Robert Ferguson is sued in his official capacity as Attorney General of the State of Washington who has responsibility for and who has undertaken responsibility for enforcing the Proclamations. Because this case seeks only declaratory and injunctive relief, Robert Ferguson is a "person" who can be subject to suit under 42 U.S.C. §§ 1983 and 1988.

### STANDING

13. Plaintiffs have standing because they own rental properties in this Court's district and are directly impacted by the Proclamations' restrictions on Plaintiffs' businesses, livelihoods and property.

14. Plaintiffs have standing to bring their claims since they are aggrieved by the Governor's unconstitutional Proclamations, which

STEPHENS & KLINGE LLP
601 — 108ᵀᴴ Avenue NE, Suite 1900 10900 NE 4ᵗʰ Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

have the effect of forcing Plaintiffs to bare alone a public burden by entirely destroying Plaintiffs' ability to collect rent, exclude nonpaying or rule breaking tenants and/or otherwise use their properties as they rightfully so choose.

## FACTUAL ALLEGATIONS

**A. Plaintiffs and their Property**

15. Jevons Properties LLC owns properties which it rents to tenants in Yakima, Washington. Enrique Jevons is the owner and managing member of Jevons Properties LLC. One property which Jevons Properties LLC owns has a tenant which is several months behind in rent. Enrique understands that he cannot evict a tenant who is not paying rent because of the Governor's Proclamations.

16. The Freya K. Burgstaller Revocable Trust was created as its name suggests by Freya Burgstaller. Freya came to Yakima in the 1960s and found a home she wanted to purchase. However, the seller insisted that whoever bought the home had to also buy the seller's second home. Freya realized the only way to obtain the house she

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

wanted was to acquire two homes and rent one to others. That is how she entered the rental property business.

17. Renting property is hard work and sometimes one needs to take on the unpleasant task of evicting a tenant. In March of 2020, Freya attempted to evict a tenant who had stopped paying rent and created enough noise in her unit that Freya's other neighboring tenant repeatedly complained. During the eviction process, it became clear that eviction was banned by the Governor's Proclamation in effect at the time. So Freya is still forced to have a tenant in her property who is not paying rent and who creates noise problems for other tenants. Freya's hands are effectively tied.

18. Plaintiffs Jay and Kendra Glenn own several properties which he rents to tenants in Yakima. The Glenns have tenants who have not paid rent for seven months. Nonetheless, the Glenns are still required to pay sewer, water, and garbage services and pay taxes for unit from which he is not recovering any rent.

## B. The Outbreak of COVID-19

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

19. The global COVID-19 pandemic ("Pandemic") brought on by the Novel Coronavirus has caused catastrophic and unprecedented economic damage across the globe, and with it, significant loss of life and fundamental changes to both world and national economies. The Pandemic has turned the world upside-down, causing profound damage to the lives of all Americans and to the national economy. To be sure, State of Washington and U.S. officials have faced tremendous adversity in planning, coordinating, and at times, executing effective nationwide and statewide policies to protect the general public's health, safety and welfare during this time of crisis. However, the Proclamations, as well-intentioned as they may be, have had an unlawful and disparate impact on housing providers.

20. In response to the outbreak in the State of Washington, on February 29, 2020, Governor Inslee issued a "State of Emergency" Order to address the threat of the spread of the Pandemic throughout Washington's communities. Governor Inslee subsequently issued Proclamation No. 20-25 on March 23, 2020, which, among other things, mandated that "all individuals living in the State of Washington" were

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

to "stay home or at their place of residence except as needed to maintain the continuity of operations of the critical infrastructure sectors and other "essential services.""

**C. The Governor's Eviction-Related Proclamations**

21.  On March 18, 2020, Governor Inslee issued Proclamation 20-19. In relevant part, the Order purported to suspend provisions of state law that would allow the providers of residential rental housing to evict tenants even if they were able to pay rent but chose not to do so. The Proclamation stated it was to remain in effect until April 17, 2020.

22.  On April 16, 2020, Governor Inslee issued Proclamation No. 20-19.1 which remained in effect until June 4, 2020. This Proclamation, like the others before it, has three provisions which Plaintiffs contend are in violation of constitutional rights as explained below. Those provisions are:

a. A prohibition on evictions (Eviction Moratorium), which is not tied to anything related to the Pandemic. However, it is subject to exceptions where the lessor (a) provides an affidavit that the eviction is necessary to respond to a significant and immediate risk to the health,

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

safety, or property of others created by the resident; or (b) provides at least 60 days' written notice of intent to (i) personally occupy the premises as a primary residence, or (ii) sell the property.

b. A prohibition on imposing fees for late payment (Suspension of Late Fees), regardless of whether the Pandemic has impacted the tenant's ability to pay and the inability to treat unpaid rent as a debt or financial obligation. The inability to treat unpaid debt as a financial obligation of the tenant is lifted only if the lessor offers the tenant and the tenant refused or failed to comply with, a repayment plan that was reasonable based on the individual financial, health, and other circumstances of that resident. However, there is no corresponding obligation of tenants to cooperate with the development of a repayment plan and tenants may to provide information that would enable the creation of a repayment plan that is reasonable based on the tenant's financial, health and other circumstances.

23. On June 2, 2020, Governor Inslee issued Proclamation 20-19.2, which was to remain in effect until August 1, 2020. On July 24, 2020, Governor Inslee issued Proclamation 20-19.3, which was to remain in

Stephens & Klinge LLP
601 — 108ᵀᴴ Avenue NE, Suite 190010900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

effect until October 15, 2020. On October 14, 2020, Governor Inslee issued Proclamation 20-19.4, a true and correct copy of which is attached hereto as Appendix A. It remains in effect until December 31, 2020. The restrictions described above are included in all of these Proclamations with some variation in each.

24. While purportedly intended to provide relief to tenants impacted by the Pandemic, the Proclamations are not tailored to a tenant's actual inability to pay rent and significantly (and needlessly) infringe on the constitutional rights of housing providers within the State of Washington. This action seeks a ruling that Proclamations 20-19 through 20-19.4 are illegal and the enforcement of Proclamation 20-19.4 should be enjoined.

25. Proclamation 20-19.4, among other things, prohibits housing providers from initiating or continuing residential eviction proceedings based upon non-payment of rent. While Proclamation 20-19.4 provides no relief for housing providers and requires them to continue meeting their contractual and statutory obligations as lessors, it completely abrogates the material obligations of lessees and eliminates all the

Formatted: Superscript

contractual remedies housing providers ordinarily have when tenants breach their lease provisions. Under the Proclamations, tenants may continue to occupy their respective premises at no charge, utilizing the water, power, trash, sewage, and other fees that the housing providers must continue to pay without reimbursement. By stripping all remedies away from owners – without requiring tenants to demonstrate an inability to pay rent – the Proclamations create a legal disincentive for tenants who can pay all or some of what they owe from doing so because there is no recourse for such calculated behavior.

26. The Proclamations fail to address how a housing provider would be able to collect rent from those tenants who take advantage of the Eviction Moratorium. Indeed, the Governor has banned housing providers from pursuing their primary remedy (eviction) needed to mitigate damages where the tenant fails to pay rent and then went a step further by proclaiming that such nonpayment could not be enforced as a debt or legal obligation. Every month a housing provider is prevented from renting its unit to a paying tenant is a month for which the housing provider cannot mitigate any damages. This Eviction

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

Moratorium forces owners to allow tenants who have stopped paying and to continue to occupy their units for many months and likely well into 2021 and beyond. Because unpaid rent is declared to not be an enforceable debt or obligation under the Proclamations, there is no hope for housing providers to be made whole.

27. The impact of the Proclamations is thus particularly devastating because housing providers are forced to give up collection of rent and effectively give interest-free loans of an indefinite time period to tenants regardless of whether those tenants have any Pandemic-related inability to pay. The Proclamations also require housing providers to financially support their tenants during the Pandemic by subsidizing tenants' rent, utilities and other charges without any support to the housing provider.

28. As set forth below, this action requests the Court to declare the Proclamations in the 20-19 series illegal and unenforceable because they violate the United States and Washington Constitutions, on the grounds that they improperly interfere with Plaintiffs' contracts and due process rights and constitute an improper uncompensated taking of

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 190010900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

the fundamental property rights of Plaintiffs, and such taking is unconstitutional because it is for the private use of tenants and not a public use.

29. If allowed to stand, the Proclamations will not only continue to violate Plaintiff's rights under both the Washington and United States Constitutions, but will continue to inflict massive and widespread economic damage on housing providers throughout the State, while unconstitutionally shifting the entire economic burden of the Pandemic as it relates to housing onto the backs of owners of rental housing, including Plaintiffs, who have already been financially impacted by the Pandemic. Plaintiffs similarly rely on rental income to maintain and secure their properties. Plaintiffs are also required to pay the substantial property taxes, utility fees and other assessments on their respective properties, which taxes, fees and assessments rely on a flow of rental income.

30. Moreover, the Proclamations are not "narrowly tailored" to further any compelling governmental interest. On the contrary, while the Proclamations were ostensibly intended to protect tenants from

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

being evicted due to their inability to pay rent, this goal could have been achieved by far less intrusive means, including, but not limited to:  (a) permitting the courts to hear each case on its own merits and fashion relief appropriate to the specific positions of the affected housing providers and tenants, thereby protecting tenants from immediate eviction but also providing protection to housing providers from excessive periods of non-payment; (b) requiring tenants to substantiate the criteria for qualifying for protection under the Proclamations through documentation or other evidence; (c) providing housing providers an opportunity to challenge a tenant's claimed qualification for protection under the Proclamations; (d) providing tenants with the means to pay rent in order to satisfy the State's tenant protection goals, without requiring housing providers owners to bear the burden of significant non-payment of rent; and/or (e) compensating housing providers when a tenant fails to pay rent.

31. Instead, the Proclamations remove any remedy for housing providers when tenants do not pay rent (or violate rules) and they give tenants a present sense that they are not contractually bound to pay

Stephens & Klinge LLP
601 — 108ᵀᴴ Avenue NE, Suite 190010900 NE 4ᵗʰ Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

***any*** portion of rent for an indefinite period of time. The Proclamations prohibit any legal means by which housing providers, such as Plaintiffs, can continue to collect rent from those with the ability to pay even a portion of their rent.

32. Accordingly, Plaintiffs bring this action challenging the constitutionality of the Proclamations, which have deprived Plaintiffs of their fundamental rights and liberties embodied in both the Washington and United States Constitutions. In doing so, Plaintiffs seek the following remedies:

a. Equitable and injunctive relief to enjoin the Governor's and Attorney General's enforcement of the Proclamations;

b. Declaratory relief from this Court that the Proclamations violate Plaintiffs' constitutional rights as follows:

i. The Proclamations violate the Contracts Clause of Article I, Section 10 of the United States Constitution and Article I Section 23 of the Washington Constitution;

ii. The Proclamations violate the federal constitutional right to be free from arbitrary, capricious, unreasonable or unduly oppressive

COMPLAINTFIRST AMENDED COMPLAINT - 17

Formatted: Superscript

regulations of their property inherent in the Due Process Clause protection of the Fourteenth Amendment of the United States Constitution;

iii. The Proclamations violate the taking of property protection of the Fifth Amendment to the United States Constitution and Article I, Section of 16 of the Washington constitution in that the taking is without just compensation and is for a private, not public, use;

iv. And the Proclamations are illegal as violations of Plaintiff's' federal civil rights under 42 U.S.C. § 1983 of the Federal Civil Rights Act ("Section 1983") because of the federal constitutional violations inherent in the Proclamations which were undertaken under color of state law; and

c. Attorney's fees and costs for the work performed by Plaintiff's counsel in this lawsuit in an amount according to proof; and

d. For such other and further relief as this Court deems just and appropriate.

## FIRST CLAIM FOR RELIEF

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

## Violation of the Contracts Clause, Art. 1, § 10 of the United States Constitution (Declaratory Relief Under 42 U.S.C. § 1983)

33. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

34. Because Defendants are sued only for prospective declaratory and injunctive relief, they constitute "persons" who are potentially liable under the Civil Rights Act, 42 U.S.C. Section 1983. *Hafer v. Melo,* 502 U.S. 21 (1991).

35. Any relief afforded to tenants that is justified by the public health emergency, in order not to contravene Plaintiffs' constitutional rights, can only be of character appropriate to that emergency and granted only upon reasonable conditions. *Home Bldg. & Loan Ass'n v. Blaisdell,* 290 U.S. 398, 445 (1934). In cases of leases, the Supreme Court has observed that relief may be appropriate where "the relief afforded was temporary and conditional; that it was sustained because of the emergency due to scarcity of housing; *and that provision was made for reasonable compensation to the landlord during the period he was*

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

*prevented from regaining possession." Id.* at 441-442 (emphasis added).

36. Here, however, the Proclamations are neither "appropriate," nor granted upon "reasonable conditions." The relief afforded is neither temporary nor conditional. Nor do the Proclamations provide for "reasonable compensation" to housing providers. Indeed, the Eviction Moratorium expressly allows tenants to remain in possession without paying any rent during the emergency period. The Proclamations are not reasonable or appropriate to any legitimate end. *Blaisdell,* 290 U.S. at 438.

37. The Proclamations have caused damage to Plaintiffs who have no remedies available to them by which to recover the losses caused by their tenants' non-payment of rent.

38. "To be sure, individual rights secured by the Constitution do not disappear during a public health crisis." *In re Abbott*, 954 F.3d 772, 784 (5th Cir. 2020). Fundamental and unalienable rights are by their very nature "essential" – they are the same essential rights which led to the founding of this country and this state. For, "[h]istory reveals that the

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

initial steps in the erosion of individual rights are usually excused on the basis of an 'emergency' or threat to the public.  But the ultimate strength of our constitutional guarantee lies in the unhesitating application in times of crisis and tranquility alike." *United States v. Bell*, 464 F.2d 667, 676 (2d Cir. 1972) (Mansfield, J., concurring).

39. "Emergency does not create power. Emergency does not increase granted power or remove or diminish the restrictions imposed upon power granted or reserved. The Constitution was adopted in a period of grave emergency.  Its grants of power to the federal government and its limitations of the power of the States were determined in light of emergency, and they are not altered by emergency. What power was thus granted and what limitations were thus imposed are questions which have always been, and always will be, the subject of close examination under our constitutional system." *Blaisdell*, 290 U.S. at 426.

40. The Contracts Clause, Art. 1, § 10, of the United States Constitution, provides: "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." The Contracts Clause applies to cities and

Formatted: Superscript

prohibits cities from enacting ordinances that substantially impair Plaintiff's existing, lawful contracts.

41. The Ninth Circuit Court of Appeals has ruled that Contracts Clause violations are indeed actionable under 42 U.S.C. § 1983. Specifically, the Ninth Circuit has stated: "The right of a party not to have a State, or a political subdivision thereof, impair its obligations of contract is a right secured by the first article of the United States Constitution. A deprivation of that right may therefore give rise to a cause of action under section 1983." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003).

42. In determining whether a contractual impairment is substantial, courts consider "the extent to which the law undermines the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Sveen v. Melin,* 138 S.Ct. 1815, 1822 (2018). The eviction ban substantially impairs residential leases because the ability to evict is a cornerstone of the contractual bargain, destroys the housing providers' reasonable

STEPHENS & KLINGE LLP
601 – 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

expectations and completely prevents the owner from safeguarding his or her investment and reinstating its rights to payment or possession.

43. "Contracts … are impaired within the meaning of the Constitution (article I, § 10, cl. 1) whenever the right to enforce them by legal process is taken away or materially lessened." *Lynch v. United States,* 292 U.S. 571, 580 (1934). And deprivation of the remedy to enforce a contractual obligation has long remained a substantial impairment. "[I]t is manifest that the obligation of the contract, and the rights of the party under it, may, in effect, be destroyed by denying a remedy altogether." *Bronson v. Kinzie,* 42 U.S. 311, 317 (1843). That is exactly what the Proclamations do.

44. If a court determines that a law works a substantial impairment, it then considers "whether the state law is drawn in an 'appropriate' and 'reasonable' way to advance 'a significant and legitimate public purpose.'" *Sveen,* 138 S.Ct. at 1822 (quoting *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.,* 459 U.S. 400, 411-12 (1983)). A law that provides a "benefit to special interests" is not appropriate or reasonable. *Id.* at 412.

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

45. Whereas here a law substantially impairs a contract, the public entity bears the burden of showing that the impairment is both reasonable and necessary. *United States Trust Co. v. New Jersey*, 431 U.S. 1, 31 (1977).

46. A Contract Clause analysis follows three steps. *See RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1147 (9th Cir. 2004). First, a court examines whether the law creates a "substantial impairment" of contractual obligations. *Id.* (quoting *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978)). If yes, then the court asks whether the government has a "significant and legitimate public purpose" designed to solve a "broad and general social or economic problem" as opposed to offering "a benefit to special interests." *Id.* (quoting *Energy Ress. Group, Inc. v. Kan. Power & Light Co.*, 459 U.S. 400, 412 (1983)). If so, then the court asks whether the law "is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption." *Id.* (quoting *United States Trust Co. v. New Jersey*, 431 U.S. 1, 22 (1977)).

**Formatted:** Superscript

47. The Eviction Moratorium causes a substantial impairment of residential lease agreements by removing all practical remedies for contractual violations. It offers a benefit to a particular group—residential tenants—at the expense of the housing providers, rather than the public as a whole.

48. A substantial impairment of a contract must be "tailored to the emergency that it was designed to meet." *Allied Structural Steel Co.*, 438 U.S. at 242. And it is unnecessary and unreasonable when "an evident and more moderate course would serve [the state's] purposes equally well." *United States Trust of New York*, 431 U.S. at 31. The current Proclamation claims as its rationale the unemployment prompted by Pandemic-related business shutdowns is likely to make it difficult for tenants to pay rent.

49. But removal of the contractual remedy is not tailored to this emergency. It prohibits evictions regardless of a tenant's employment or ability to pay. Not only is the contractual right to receive payment jeopardized—a housing provider cannot evict a tenant for violations of a

Formatted: Superscript

lease unrelated to rent, such as rules related to the welfare of other tenants.

50. The Proclamations' ban on rent collection is not tailored to the emergency either. Housing providers are prohibited from treating unpaid rent as an enforceable debt and bringing a breach-of-contract action. But the Governor's interests in preventing homelessness are not furthered by preventing the housing provider from bringing an action to recover overdue rent.

51. Under these standards, the Proclamations violate the Contracts Clause of the United States Constitution. The Eviction Moratorium fundamentally overturns the contractual bargains struck between Plaintiffs and their tenants by effectively relieving the tenants of their obligation to pay rent and comply with other provisions of their leases and leaving housing providers, like Plaintiffs, without any recourse for an undetermined period of time. Under the Eviction Moratorium, housing providers are required to allow tenants to remain on the properties rent free for an unspecified duration of time, thus depriving Plaintiffs of the opportunity to collect any portion of rent from their

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

current tenants, or otherwise rent their properties to tenants who can pay rent. Such Proclamations are the quintessential "substantial" impairment, as they "undermine the contractual bargain, interferes with a party's reasonable expectations, and prevents the party from safeguarding or reinstating his rights." *Sveen,* 138 S.Ct. at 1822. As a result of the issuance and enforcement of the Proclamations, Defendants have violated Plaintiff's constitutional rights to the free use of their properties. The Proclamations abrogate Plaintiff's contractual rights in that they permit tenants to unilaterally violate the terms of their leases, without the housing provider's consent.

52. The Eviction Moratorium further unilaterally rewrites all residential leases within the State of Washington. The complete obliteration of Plaintiffs' contracts and tenants' obligations to pay rent under such contracts is not a reasonable way of achieving any legitimate purpose. Accordingly, the contractual impairments effectuated by the enactment and enforcement of the Proclamations violate the Contracts Clause and are thus unconstitutional.

STEPHENS & KLINGE LLP
601 — 108ᵀᴴ Avenue NE, Suite 1900 10900 NE 4ᵗʰ Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

53. In applying the Proclamations to the Plaintiffs, the Governor has acted under color of state law. The Governor's conduct has deprived Plaintiffs of the rights, privileges, and immunities secured by the United States Constitution and/or laws of the United States to which Plaintiffs are and were legitimately entitled. The Attorney General should not be allowed to enforce the current Proclamation.

54. Unless the Attorney General and Governor are enjoined and restrained from enforcing or threatening to enforce the Proclamations, Plaintiffs will be irreparably injured. Plaintiffs will be deprived of rights guaranteed under the United States Constitution, and will continue to suffer substantial loss of rents, profits, and good will, the nature and extent of which will be extremely difficult or impossible to ascertain.

55. Finally, the Governor's conduct has required Plaintiffs to incur attorneys' fees and costs of suit to bring this action, and Plaintiffs are entitled to attorneys' fees and costs under 42 U.S.C. § 1983 *et seq.* and 42 U.S.C. § 1988(b).

## SECOND CLAIM FOR RELIEF

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

**Violation of the Contracts Clause of Art. I, § 23 of the Washington Constitution (Declaratory relief under Rev. Code of Wa. 7.24.010)**

56. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

57. The Proclamations substantially impair Plaintiffs' rights and the tenants' obligations under existing leases and/or rental agreements. By allowing tenants to withhold rent payments, the State has unlawfully impaired the tenants' contractual obligations, leaving no recourse for housing providers, such as the Plaintiffs.

58. The Governor effectively seeks to destroy Plaintiffs' lease agreements and contract rights and to shift the entire cost of providing housing onto Plaintiffs. In doing so, the Governor substantially impairs the obligations of the existing lease and/or rental agreements without justification, and in direct violation of the Contracts Clause.

59. Plaintiffs desire an immediate declaration of their rights arising out of all the facts and circumstances alleged herein and the concomitant obligations of its tenants to pay rent. Such declaration is

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 190010900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

necessary and appropriate at this time inasmuch as Plaintiffs are being irreparably injured and will continue to suffer irreparable injury in the form of lost constitutional rights, and loss of use of their properties until a declaration of their rights is made.

60. Additionally, unless the Governor is enjoined and restrained from enforcing or threatening to enforce the Proclamations, Plaintiffs will be irreparably injured. Plaintiffs will be deprived of rights guaranteed under the Washington Constitution, and will continue to suffer substantial loss of rents and profits, the nature and extent of which will be extremely difficult or impossible to ascertain. Plaintiffs have no adequate remedy at law to prevent or redress the irreparable injury alleged herein.

61. Plaintiffs seek a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, Chapter 7.24 Rev. Code Wa. and Civil Rule 57. An actual dispute exists between Plaintiffs and the Defendants whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. A judicial

STEPHENS & KLINGE LLP
601 — 108ᵀᴴ Avenue NE, Suite 190010900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

determination can provide a final and conclusive resolution as to the

parties' rights and responsibilities.

## THIRD CLAIM FOR RELIEF

### Violation of the Takings Clause of the Fifth Amendment to the

### United States Constitution

### (Declaratory relief under 42 U.S.C. § 1983)

56<s>62</s>. Plaintiffs incorporate herein by reference each and every

allegation contained in the preceding paragraphs of this Complaint as

though fully set forth herein.

57<s>63</s>. The Takings Clause, present in the Fifth Amendment to the

United States Constitution, provides that private property shall not "be

taken for public use, without just compensation." Fifth Amendment to

the U.S. Constitution.

58<s>64</s>. The purpose of the Takings Clause is to "bar Government from

forcing some people alone to bear the public burdens which, in all

fairness and justice, should be borne by the public as a whole." *Lingle v.*

*Chevron Corp.*, 544 U.S. 528, 537 (2005) (quoting *Armstrong v. United*

*States*, 364 U.S. 40, 49 (1960)). Government action may violate the

STEPHENS & KLINGE LLP
<s>601 — 108TH Avenue NE, Suite 1900</s> 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

Takings Clause where it is "the functional equivalent [of] the classic taking in which government directly appropriates private property or ousts the owner from his domain." *Id.* at 539.

65<u>59</u>. The United States Supreme Court has repeatedly acknowledged that takings liability under the Fifth Amendment to the United States Constitution may be redressed under 42 U.S.C. § 1983.

60<u>6</u>. The Proclamations referenced herein fall squarely within the "physical occupation" line of cases the United States Supreme Court has held constitute "per se" categorical takings for which the government is required to pay "just compensation." The Proclamations force housing providers who own the rented property to accept the occupation of tenants without any payment of rent or compliance with rules concurrent with the occupancies. The Proclamations do nothing to protect Plaintiffs from losses they have and will undoubtedly continue to sustain when such tenants are unable to pay their rental obligations in the future or to compensate Plaintiffs for the rent they could have obtained from new paying tenants if the State did not indefinitely ban evictions. This is exacerbated by the fact that housing providers still

Formatted: Superscript

have obligations to pay for sewer, water and garbage removal for the nonpaying tenant. The Governor's Proclamation has thus eliminated the housing providers' fundamental constitutional right to exclude nonpaying or rule-breaking tenants from their respective properties. As Justice Thurgood Marshall proclaimed in *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 436 (1982), "property law has long protected an owner's expectation that he will be relatively undisturbed at least in the possession of his property" and "[t]o require, as well, that the owner permit another to exercise complete dominion literally adds insult to injury." As the Supreme Court acknowledged, "our cases uniformly have found a taking to the extent of the occupation, without regard to whether the action achieves an important public benefit or has only minimal impact on the owner." *Id.* at 435.

6̶1̶7̶. The Proclamations and the enforcement thereof have caused a regulatory and physical taking of Plaintiffs properties without just compensation in violation of the Takings Clause of the Fifth Amendment to the U.S. Constitution.

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

6~~2~~8. Not only do the Proclamations take property interests of Plaintiffs without payment of just compensation, the taking of these property interests are not for public use but for the private use of tenants. In fact, residential tenancies are for private uses and the public has no right to use them for any purpose. Because the taking of Plaintiffs' property by the Proclamations is for private and not public use, it is barred by the Fifth and Fourteenth Amendments to the United States Constitution.

~~70~~63. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless the Governor is enjoined from implementing and enforcing the Eviction Moratorium.

~~71~~64. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Eviction Moratorium.

~~72~~65. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of its members under the law. Plaintiffs

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

are therefore entitled to an award of attorney's fees pursuant to 42
U.S.C. § 1988.

### ~~FOURTH~~ THIRD CLAIM FOR RELIEF

**Violation of the Takings Clause of Art. I, § 16 of the Washington
Constitution (Declaratory relief under Rev. Code of Wa. 7.24.010)**

66~~73~~. Plaintiffs incorporate herein by reference each and every
allegation contained in the preceding paragraphs of this Complaint as
though fully set forth herein.

67~~4~~. Article I, Section 16 of the Washington Constitution provides
that just compensation be provided prior to any taking of property for
public use and prohibits taking of private property for private use.

68~~75~~. Washington courts have routinely held that the Washington
Constitution provides just compensation to property owners when their
land is taken because the law seeks to bar the government from forcing
some people alone to bear public burdens which, in all fairness and
justice, should be borne by the public as a whole. "The talisman of a
taking is government action which forces some private persons alone to
shoulder affirmative public burdens, 'which, in all fairness and justice,

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

should be borne by the public as a whole.' " *Mission Springs, Inc. v. City of Spokane,* 134 Wn.2d 947, 964 (1998) (quoting *Armstrong v. United States,* 364 U.S. 40, 49 (1960)).

6976. Moreover, the principle behind the concept of just compensation for property taken for public use is to put the owner in as good a position financially as he or she would have occupied if his or her property had not been taken. *Central Puget Sound Regional Transit Authority v. Heirs and Devisees of Eastey,* 135 Wn. App. 446, 455 (2006).

7007. Prohibiting Plaintiffs from rightfully collecting rent from their tenants in the State of Washington, in exchange for the tenants' lawful possession of Plaintiffs' properties, despite other compliance measures being taken to satisfy the public health interests at stake and to financially compensate those affected by COVID-19, violates Plaintiffs' fundamental Constitutional rights.

7178. Additionally, the taking of Plaintiffs' property interests are not for public use at all, but for the private use of tenants. No member of the public, much less the public as a whole, has a right to use those

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

tenancies or avoid paying rent for occupying a property. Unlike the Fifth Amendment to the United States Constitution, Article I, Section 16 of the Washington constitution is explicit:  "Private property shall not be taken for private use." *See also State ex rel. Washington State Convention and Trade Center v. Evans,* 136 Wn.2d 811 (1998) ("The constitution prohibits the taking of private property for a private use.") The Proclamations are in violation of the explicit prohibition in Article I, Section 16 of the Washington state constitution on the state taking private property for private use.

7~~29~~. Plaintiffs seek a declaratory judgment of rights and obligations under the Washington Uniform Declaratory Judgment Act, Chapter 7.24 Rev. Code of Wa. and Civil Rule 57. An actual dispute exists between Plaintiffs and Defendants whose interests are genuinely opposing in nature. These disputed interests are direct and substantial. A judicial determination can provide a final and conclusive resolution as to the parties' rights and responsibilities.

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

### ~~FIFTH~~ FOURTH CLAIM FOR RELIEF

**Violation of the Due Process Clause of the Fourteenth**

**Amendment (Declaratory relief under 42 U.S.C. § 1983)**

~~80~~73. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

~~81~~74. The Due Process Claus of the Fourteenth Amendment to the United States Constitutions stands as an additional constitutional hurdle to the Governor's enactment of the Proclamations. The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests," including the "specific freedoms protected by the Bill of Rights" and "those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition,'" such as rights in property. *Washington v. Glucksberg,* 521 U.S. 702, 720-721 (1997) (quoting *Moore V. E. Cleveland,* 431 U.S. 494, 502 (1977)). Thus while the "police power" of the government may be broad, it "must be

~~COMPLAINT~~FIRST AMENDED COMPLAINT - 38

Formatted: Superscript

exercised within a limited ambit and is subordinate to constitutional limitations." *Panhandle E. Pipe Line Co. v. St. Highway Comm'n of Kansas,* 294 U.S. 9 613, 622 (1935).

~~82~~75. The State's police power therefore does not afford "unrestricted authority to accomplish whatever the public may presently desire." *Panhandle E. Pipe Line Co. v. St. Highway Comm'n of Kansas,* 294 U.S. 613, 622 (1935). Instead, "[i]t is the governmental power of self-protection and permits reasonable regulation of rights and property in particulars essential to the preservation of the community from injury." *Id.*

~~83~~76. Therefore, "a regulation that fails to serve any legitimate governmental objective may be so arbitrary or irrational that it runs afoul of the Due Process Clause." *Lingle,* 544 U.S. at 542; *Rea v. Matteucci*, 121 F.3d 483, 485 (9th Cir. 1997) (under Due Process Clause a "federal interest remains in protecting the individual citizen from state action that is wholly arbitrary or irrational"). Furthermore, a law violates the Due Process Clause if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standard

STEPHENS & KLINGE LLP
~~601 — 108ᵀᴴ Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

less that is authorizes or encourages  seriously discriminatory enforcement." *F.C.C. v. Fox Television Stations, Inc.,* 567 U.S. 239, 253 (2012) (quoting *United States v. Williams*, 25 553 U.S. 285, 306 (2008)).

8477. The Proclamations and enforcement thereof, violate Plaintiffs' substantive due process rights secured by the Fourteenth Amendment to the U.S. Constitution. Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." The fundamental liberties protected by the Due Process Clause include most of the rights enumerated in the Bill of Rights. *Duncan v. Louisiana*, 391 U.S. 145, 147-149 (1968). In addition, these liberties extend to personal choices central to individual dignity and autonomy, including personal choices regarding one's choice of livelihood. Additionally, housing providers are denied access to the courts for relief, which is another due process violation.

785. The Proclamations, which expressly deprive Plaintiffs of their rights and liberties in the use of their properties, did not afford Plaintiffs a constitutionally adequate hearing to present their case to

STEPHENS & KLINGE LLP
601 — 108TH Avenue NE, Suite 1900 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

disallow the Eviction Moratorium, and specifically the unreasonable prohibition on the collection of rent and termination of rightful eviction processes. As a result of the Proclamations, Plaintiffs are unjustifiably prevented from being able to rightfully use their properties and mitigate damages where tenants fail to pay rent. At a minimum, Plaintiffs aver that Plaintiffs should be able to continue to collect rent from those tenants that are able to pay even a reasonable portion of the total amount of rent due and owing, and should be allowed a forum to contest a tenant's claim concerning qualifications for protections under the Proclamations. *Home Bldg. & Loan Ass'n v. Blaisdell,* 290 U.S. 398, 445 (1934).

~~86~~79. Because the Governor's decision in issuing the Proclamations was made in reliance on procedurally deficient and substantively unlawful processes, Plaintiffs were directly and proximately deprived of the rightful use of their properties, and consequently, their ability to lawfully operate their properties without unconstitutional government overreach.

STEPHENS & KLINGE LLP
~~601 — 108TH Avenue NE, Suite 1900~~10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

80~07~. Because the Governor's decisions were made without regard to the United States and Washington Constitutions, Plaintiffs were directly and proximately deprived of their property rights absent substantive due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

81~8~. Plaintiffs have no adequate remedy at law and will suffer continued serious and irreparable harm to their constitutional rights unless the Defendant is enjoined from implementing and enforcing the Eviction Moratorium in the Proclamations.

82~9~. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to declaratory relief and temporary, preliminary, and permanent injunctive relief invalidating and restraining enforcement of the Proclamations.

83~90~. Plaintiffs find it necessary to engage the services of private counsel to vindicate its rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs request that this Court:

STEPHENS & KLINGE LLP
~601 — 108TH Avenue NE, Suite 1900~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

**Formatted:** Superscript

1. Issue a declaratory judgment that the Proclamations are null and void, and of no effect, as:

a. arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the United States and/or Washington Constitutions as violating of the Contracts Clauses of Article I, Section 10 ~~and Article I, Section 23~~ of the United States ~~and Washington~~ Constitutions;

b. unconstitutional under the Fifth Amendment;

c. unconstitutional under the Fourteenth Amendment;

d. a violation of 42 U.S.C. § 1983 as a deprivation of Plaintiff's members' rights, privileges, and immunities secured by the United States Constitution and/or laws of the United States.

2. Permanently enjoin the Governor and Attorney General and all persons and entities in active concert or participation with them from enforcing the Proclamations;

3. Award Plaintiff its costs and reasonable attorney's fees incurred in this action pursuant to 42 U.S.C. § 1988 and other applicable law; and

COMPLAINTFIRST AMENDED COMPLAINT - 43

STEPHENS & KLINGE LLP
~~601 – 108TH Avenue NE, Suite 1900~~ 10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Formatted: Superscript

4. Grant all other such relief to Plaintiffs as the Court may deem proper and just.

Dated this 29th day of ~~October~~April, 202~~1~~0,

Stephens & Klinge LLP

*/s/ Richard M. Stephens*
WSBA No. 21776
Stephens & Klinge LLP
~~601-108th Avenue NE, Suite 1900~~
10900 NE 8th Street, Suite 2300
Bellevue, WA 98004
stephens@sklegal.pro
425-453-6206
Attorneys for Plaintiffs

~~COMPLAINT~~FIRST AMENDED COMPLAINT - 44

Formatted: Superscript

Formatted: Superscript