Richard M. Stephens
STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENRIQUE JEVONS, as managing member of Jevons Properties LLC, FREYA K. BURSTALLER as trustee of the Freya K. Burgstaller Revocable Trust, JAY GLENN and KENDRA GLENN,<br><br>Plaintiffs,<br><br>vs.<br><br>JAY INSLEE, in his official capacity as Governor of the State of Washington and ROBERT FERGUSON, in his official capacity of the Attorney General of the State of Washington,<br><br>Defendants. | No. 1:20-CV-03182-SAB<br><br>Plaintiffs' Response to Defendants' Statement of Material Undisputed Facts and Reply Statement of Material Facts not in Dispute<br><br>Noted for July 1, 2021 |

DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND STATEMENT OF DISPUTED FACTS
NO. 1:20-cv-03182-SAB

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

# PLAINTIFFS' RESPONSE TO DEFENDANTS'
# STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 56(c), Plaintiffs submit this Response to Defendants Statement of Material Facts Not in Dispute in conjunction with their Cross-Motion for Summary Judgment:

| **Defendants' Facts** | **Plaintiffs' Response and Supporting Evidence** |
|---|---|
| 1. Because of the speed with which COVID-19 spreads in a community and the portion of COVID-19 patients who require hospitalization, intensive care, and mechanical ventilation, outbreaks threaten to overwhelm the healthcare system. Lindquist Decl. ¶ 12. | Plaintiffs object on the grounds that there is no foundation for the conclusion that there is a present threat to overwhelm the healthcare system. |
| 2. Without efforts to stop person-to-person transmission, studies have shown that unmitigated spread of COVID-19 would lead to an explosion of cases, many more hospitalizations and fatalities, and an untenable burden on the healthcare system. Lindquist Decl. ¶ 17. | |
| 3. Without a vaccine or highly effective treatment for COVID-19, reducing person-to-person transmission through | Plaintiffs object on the grounds that there is no foundation for the conclusion that there is no vaccine for COVID-19. |

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 1

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

community mitigation measures is the most effective way of mitigating the outbreak and ensuring that the healthcare system is not overwhelmed. Lindquist Decl. ¶ 20.

    4.    An analysis of Seattle unlawful detainer cases showed that most evictions result in homelessness, with only 12.5% of evictees finding another home. Declaration of Cristina Sepe in Support of Defendants' Cross-Motion for Summary Judgment (Sepe Decl.), Ex. A at 3. | Plaintiffs object on grounds of relevance under FRE 402 in that an analysis of circumstances in Seattle is not shown to be relevant in Yakima were Plaintiffs' properties are located.

    5.    The Department of Health was concerned about outbreaks of COVID-19 among persons experiencing housing insecurity and homelessness because they are generally at increased risk of acquiring COVID-19 due to crowded living situations, among other reasons, and are often at increased risk for severe COVID-19 due to underlying medical conditions and co-morbidities. Lindquist Decl. ¶ 48.

    6.    Evictions themselves force

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB  2

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| families into transiency and crowded residential environments that increase new contact with others and make compliance with pandemic health guidelines difficult or impossible. Lindquist Decl. ¶ 54. Housing insecure families often "double-up"—moving in with family members or friends—in the wake of evictions. Lindquist Decl. ¶ 55, Ex. J. | Plaintiffs object on the grounds that the statement of fact is unsupported by the evidence to the extent the statement states that "evictions themselves force family into … crowded residential environments … and make compliance with pandemic health guidelines difficult or impossible." The declaration indicates this could be true and not that it is true in every situation. |
| 7. As of April 24, 2021, the Department of Health (DOH) has identified 202 COVID-19 outbreaks in homeless services or shelters. Lindquist Decl. ¶ 58, Ex. N at 4. | Plaintiffs object on the grounds of relevance under FRE 402 in that there is no evidence to show outbreaks in homeless services or shelters in Yakima. |
| 8. A rise in evictions, and the lifting of their moratoria, has been found to lead to significant increases in COVID-19 infections and deaths. Baumgart Decl. ¶10, Ex. S; Lindquist Decl. ¶¶ 60–62, Exs. O, P, Q. | Plaintiffs object on the grounds that the statement misstates the evidence cited, namely the Lindquist declaration which is based on simulations which is not a finding that a rise in evictions in fact leads to significant increases in infections and death. |

Plaintiffs' Response to Defendants' Statement of Mat'l
Undisputed Facts
No. 1:20-cv-03182-SAB 3

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| 9. Containment of COVID-19 is slower and less effective at reducing the size of the pandemic when evictions are allowed to continue, even under lockdown scenarios. Lindquist Decl. ¶ 60, Ex. O. | |
| 10. In amending the Moratorium, the Governor's Office sought input from many stakeholders, including residential property owners, managers, and landlords. Leathers Decl. ¶ 19; Baumgart Decl. ¶¶ 15–17. Based on their input, the Governor added several exceptions to protect property owners and induce tenants able to pay rent to do so. | Plaintiffs object based on relevance under FRE 402. |
| 11. Following input from property owners regarding the treatment of unpaid rent as an enforceable debt, starting with Proclamation 20-19.1, the Moratorium allows owners to treat unpaid rent as an enforceable debt if the tenant was offered but refused a reasonable repayment plan. Baumgart Decl. ¶ 17. The provision was meant to strike a balance between alleviating stress on tenants | Plaintiffs object on the grounds that this is not a statement of fact but a statement of the law, nor is the meaning of the law appropriate for lay or expert testimony. |

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 4

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

and providing an avenue for landlords to be made whole. It reduces the risk of "soft evictions" while encouraging landlords and tenants to work together. *Id.*

12. The Governor's Office opted to not place the burden of proof on tenants by instead imposing a moratorium on evictions with certain exceptions. Baumgart Decl. ¶ 18. This decision was made because, in many cases, tenants in genuine economic distress due to the pandemic are unable to provide adequate proof of their distress. *Id.* Many tenants have informal employment or non-traditional sources of income. For these tenants, proving distress may not be as simple as submitting a copy of a termination letter from an employer. *Id.* A tenant who does not lose their job could be facing pandemic-related economic distress anyway, such as the burden of caring for family members who lost their jobs or are unable to provide for themselves. *Id.* Not all tenants in need of protection are able to submit a

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 5

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| declaration of hardship. *Id.* | |
| 13. The Moratorium and the Governor's public messaging has expressly stated that tenants should pay rent if able and should communicate with their landlords. Baumgart Decl. ¶ 18. | Plaintiffs object on the grounds that what the "moratorium" states is a question of law and not appropriate for lay or expert testimony and the "public messaging" is irrelevant and should be excluded under FRE 402. |
| 14. The Moratorium does not forgive any debt of unpaid rent and stresses that tenants "who are not materially affected by COVID-19 should and must continue to pay rent." Leathers Decl., Ex. M. | Plaintiffs object in that this is a statement of law and inappropriate for testimony and that the moratorium speaks for itself. |
| 15. During the pandemic, at least 18,000 more Washingtonians have had to rely on cash assistance and 160,000 more on food assistance. Baumgart Decl., Ex. I at 3–4. | |
| 16. Over 1.6 million Washingtonians have filed unemployment claims, and the State's unemployment rate has exceeded its Great Recession peak. Baumgart Decl. ¶ 7. Through the first four months of this year, over 265,000 *new* unemployment claims were filed, showing that the jobs crisis persists | |

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB  6

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

more than a year after COVID-19 cases first emerged here. Baumgart Decl., ¶ 7, Ex. I; Sepe Decl., Ex. I.

17. Recent Census survey data reported that 10.7% of renters in Washington (160,080 people) are behind on their rent. Baumgart Decl., Ex. Z. 17.8% of renters (265,342 people) reported having little or no confidence in their ability to make rent. *Id.*

18. An analysis by the Aspen Institute found that 649,000 to 789,000 people in Washington (up to 10.3% of the population) would be at risk of eviction without the Moratorium. Baumgart Decl., Ex. N at 8.

| | |
|---|---|
| 19. Projections performed by the University of Washington Institute for Health Metrics and Evaluation state that mass evictions would result in between 18,235 to 59,008 more eviction-attributable COVID-19 cases, 1,172 to 5,623 more hospitalizations, and 191 to 621 more deaths in Washington State. Declaration of Dr. Christopher J. L. Murray in | Plaintiffs object on the grounds that the projections are not shown to apply in Plaintiffs' tenants' circumstances and are, therefore, irrelevant and should be excluded under FRE 402. |

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 7

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

Support of Defendants' Cross-Motion for Summary Judgment (Murray Decl.), Ex. B.

20. On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which included $150 billion in direct assistance for state, territorial, and tribal governments. Pub. L. No. 116–136, 134 Stat. 281 (2020). From this fund, in early August 2020, Washington allocated more than $100 million in Eviction Rent Assistance Program (ERAP) grants. Baumgart Decl. ¶ 12.

Plaintiffs object on the grounds that this statement of fact is really a statement of law and that this statement is irrelevant to the claims at issue in this case and should be excluded under FRE 402.

21. ERAP funds, administered by local community organizations, provide up to three months of rent assistance to property owners on an eligible tenant's behalf. Baumgart Decl. ¶ 12. Cities and local authorities may run their own rental assistance programs, including as encouraged through certain tax programs under state law. *Id.*

Plaintiffs object on the basis that the statement is vague and does not disclose that in order to be eligible for ERAP funds one must waive any right to unpaid rent beyond three months of unpaid rent.

22. In April 2021, the Washington Legislature adopted—and the Governor signed

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 8

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| into law—a bill that provides tenant protections during and after this current public health emergency. Under that bill, the eviction moratorium instituted through Proclamation 20-19.6 ends on June 30, 2021. Engrossed Second Substitute S.B. 5160, 67th Leg., Reg. Sess. (Wash. 2021), *enacted as* 2021 Wash. Sess. Laws, ch. 115. | |

## PlAINTIFFS' REPLY TO DEFENDANTS' STATEMENT OF DISPUTED FACTS

Defendants disputed only the following facts in Plaintiffs' Statement of Undisputed Facts for Motion for Summary Judgment (filed at ECF No. 23). Plaintiffs' reply follows:

| Plaintiffs' Facts | Defendants' Response and Supporting Evidence |
|---|---|
| 20. Tenants generally do not provide information about their financial or health circumstances or answer questions in an attempt to gather that information. | This statement should be disregarded because it is an unsupported conclusory statement. Plaintiffs offer no evidence regarding their attempts to communicate with tenants to learn about their financial or health circumstances. A form demand letter produced by the Glenn Plaintiffs, for example, did not ask for the |

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 9

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| | financial or health circumstances of their tenants. *See* Sepe Decl., Ex. P. |
| 23. Funds available through the Washington State Department of Commerce would pay only 80% of three months of delinquent rent and the owner of the property must agree to waive all other past due rent. | Disputed, subject to clarification, though this is not material as to preclude summary judgment. The Eviction Rent Assistance Program can cover unpaid rent at 80% or Fair Market Rent, whichever amount is higher. *See* ECF No. 24 at 12. Fair Market Rent for a one-bedroom apartment in Yakima County is $769 for FY 2020 and $792 for FY 2021. *See* Sepe Decl., Ex. S. |
| 28. Because the Proclamations on eviction allow eviction when an owner decides to sell, numerous owners choose to sell their property, which further restricts the supply of rental housing. | This statement should be disregarded because it is an unsupported conclusory statement. It is not disputed that some property owners have opted to sell their properties during the pendency of the Moratorium, but whether the property is no longer used as rental housing is not supported by evidence. |
| 46. Until September or October of 2020, when rental assistance is sought by a tenant through the Department of Commerce, if available and granted, it is limited to three | Disputed, subject to clarification, though this is not material as to preclude summary judgment. The Eviction Rent Assistance Program can cover unpaid rent at 80% or Fair |

Plaintiffs' Response to Defendants' Statement of Mat'l
Undisputed Facts
No. 1:20-cv-03182-SAB 10

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

| | |
|---|---|
| months of unpaid rent and 80% of the rent. The Department of Commerce required the landlord to waive any other unpaid rent. | Market Rent, whichever amount is higher. *See* ECF No. 24 at 12. Fair Market Rent for a one-bedroom apartment in Yakima County is $769 for FY 2020 and $792 for FY 2021. *See* Sepe Decl., Ex. S. |

Plaintiffs' Reply follows the numbered paragraphs above:

20. While Defendants assert this fact is conclusory, they offer nothing to dispute it, nor raise an objection based on the Federal Rules of Evidence. The asserted fact is that tenants generally do not provide financial information to their landlords (after they have applied to initially occupy the property) or provide details of their health to landlords. The lack of information coming from tenants is a natural response since it is not in the tenants' best financial interests to provide that information because they will not have to pay their unpaid rent if they do not give that information to the landlord. The fact asserted is supported by Plaintiffs' history in the rental business and historical and current interactions with tenants. *See* Second Declaration of Rick Glenn and Second Declaration of Enrique Jevons filed concurrently herewith.

28. This fact is not critical to the pending motion.

23 and 46. It is not disputed that funds available through the Department of Commerce require the owners of property to waive a right to collect unpaid rent as a condition of receiving rent covering only three months.

Plaintiffs' Response to Defendants' Statement of Mat'l
Undisputed Facts
No. 1:20-cv-03182-SAB 11

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

DATED June 9, 2021.

                                  Stephens & Klinge LLP

                                  *s/ Richard M. Stephens*
                                  Richard M. Stephens, WSBA 21776
                                  10900 NE 4th Street, Suite 2300
                                  Bellevue, WA 98004
                                  425-453-6206

I, Enrique Jevons, hereby declare:

1. I am a Plaintiff in this action, am over 18 years of age and am competent based on my personal knowledge to testify to the following:

2. I am the managing member of Jevons Properties LLC which owns several hundred residential units which are rented to tenants. Jevons Properties LLC also manages rental units for other owners. I have been in this business for over 13 years. It has been my experience that tenants generally do not want to disclose information about their financial circumstances to our firm, except when they have to such as when they are applying for the opportunity to rent. It has been my experience that tenants generally do not want to disclose their health or medical conditions with our firm. We have not inquired specifically about these issues with our clients because it seems to be devious on our part to ask them to give information which is definitely not in their interest to give because if they gave that information we could form a repayment plan that would be reasonable in light of their health and financial circumstances. We have no interest in being tricky.

Plaintiffs' Response to Defendants' Statement of Mat'l
Undisputed Facts
No. 1:20-cv-03182-SAB 12

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

3. Out of desperation, on April 23, 2021, our firm sent to all of our tenants who are not current with their rent, 56 in total, a letter like the one attached hereto as Exhibit A, with each tenant's name and listing of past due rents. Exhibit A has the name and address of the tenant redacted to protect that tenant's privacy. Exhibit A was intended to allow a tenant to propose a reasonable repayment plan because I have no way of knowing what would be reasonable in light of individual tenants' health and financial circumstances. In my earlier declaration I indicated that no tenants responded to requests for repayment. Since I signed that earlier declaration in April of 2021, out of the 56 that were sent out, only 3 responded with any proposed repayment plan.

4. I declare that the foregoing is true and correct under penalty of perjury and that this declaration was executed by me in Yakima, Washington on June 9, 2021.

_____

Enrique Jevons

Plaintiffs' Response to Defendants' Statement of Mat'l Undisputed Facts
No. 1:20-cv-03182-SAB 13

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206