CRISTINA SEPE, WSBA #53609
ZACHARY PEKELIS JONES, WSBA #44557
BRIAN H. ROWE, WSBA #56817
Assistant Attorneys General
JEFFREY T. EVEN, WSBA #20367
Deputy Solicitor General
800 5th Avenue, Ste. 2000
Seattle, WA 98104
(206) 474-7744

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT YAKIMA

| | |
|---|---|
| ENRIQUE JEVONS, as managing member of Jevons Properties LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAY INSLEE, in his official capacity of the Governor of the State of Washington, et al. <br><br> Defendants. | NO. 1:20-cv-03182-SAB <br><br> DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE <br><br> NOTED FOR: August 5, 2021 at 1:30 pm <br><br> *With Oral Argument* |

DEFENDANTS' REPLY STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

Pursuant to Local Civil Rule 56(c)(1), Defendants submit this Reply Statement of Material Facts Not in Dispute in conjunction with their Reply Brief in Support of their Cross-Motion for Summary Judgment.

| Defendants' Material Facts Not in Dispute[1] | Evidentiary Basis Countering Plaintiffs' Objections |
|---|---|
| 4. Because of the speed with which COVID-19 spreads in a community and the portion of COVID-19 patients who require hospitalization, intensive care, and mechanical ventilation, outbreaks threaten to overwhelm the healthcare system. ECF No. 34 at 7. | Plaintiffs object to this fact, as lacking foundation, under the mistaken impression that it refers to a present outbreak. *See* ECF No. 38 at 2. The Court should overrule this objection because this is a general statement that—without efforts to slow the transmission of COVID-19—COVID-19 outbreaks would overwhelm the capacity of the healthcare system as measured by the intensive care units and ventilators used by COVID-19 patients. |
| 5. Without efforts to stop person-to-person transmission, studies have shown that unmitigated spread of COVID-19 | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an |

---

[1] The paragraph numbers are based on the paragraph numbers used in Defendants' Statement of Material Facts Not in Dispute filed at ECF No. 31.

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| would lead to an explosion of cases, many more hospitalizations and fatalities, and an untenable burden on the healthcare system. ECF No. 34 at 10. | objection. *See* ECF No. 38 at 2. But if Plaintiffs object to this fact as lacking foundation, the Court should overrule it because the objection is made under the mistaken impression that it refers to a present outbreak. This is a general statement that—without efforts to slow the transmission of COVID-19—COVID-19 outbreaks would lead to increased cases and fatalities. |
| 8. Without a vaccine or highly effective treatment for COVID-19, reducing person-to-person transmission through community mitigation measures is the most effective way of mitigating the outbreak and ensuring that the healthcare system is not overwhelmed. ECF No. 34 at 11–12. | Plaintiffs object to this fact under the mistaken impression that the State is asserting that no vaccine is presently available. *See* ECF No. 38 at 2. The Court should overrule this objection because this fact states that, in the absence of a vaccine or highly effective treatment, community mitigation measures are the most effective way to slow the transmission of COVID-19 and prevent an outbreak. When the State first |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | | |
|---|---|---|
| | | instituted mitigation measures, starting in late February 2020, no vaccine was available at that time. ECF No. 34 at 10–11. |
| | 12. An analysis of Seattle unlawful detainer cases showed that most evictions result in homelessness, with only 12.5% of evictees finding another home. ECF No. 36-1 at 8. | Plaintiffs object to this fact under Fed. R. Evid 402, contending that circumstances in Seattle are not relevant to Plaintiffs' properties in Yakima. *See* ECF No. 38 at 3. The Court should overrule this objection because the public health justifications for—and state interests served by—the State Moratorium are general and statewide. This fact is relevant because it is of consequence in determining the action. *See* Fed. R. Evid. 401. |
| | 14. The Department of Health was concerned about outbreaks of COVID-19 among persons experiencing housing insecurity and homelessness because they are generally at increased risk of | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 3. But if Plaintiffs object to this fact as irrelevant |

DEFENDANTS' REPLY STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| acquiring COVID-19 due to crowded living situations, among other reasons, and are often at increased risk for severe COVID-19 due to underlying medical conditions and co-morbidities. ECF No. 34 at 27. | under Fed. R. Evid. 402, the Court should overrule this objection. The public health justifications for—and state interests served by—the State Moratorium are general and statewide. This fact is relevant because it is of consequence in determining the action. *See* Fed. R. Evid. 401. |
| 17. Evictions themselves force families into transiency and crowded residential environments that increase new contact with others and make compliance with pandemic health guidelines difficult or impossible. ECF No. 34 at 30. Housing insecure families often "double-up"—moving in with family members or friends—in the wake of evictions. ECF No. 34 at 30; ECF No. 34-1 at 94. | Plaintiffs object to this fact, stating that the statement "evictions themselves force families into . . ." is not true for every eviction. ECF No. 38 at 4. Defendants do not assert that consequences, such as crowded living environments that increase contact with others and make adherence to public health guidance difficult, occur in every eviction. Many housing insecure families, however, find themselves in shared living conditions—which have been found to increase contact with |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| | more people and make compliance with certain public health guidance difficult. |
| 20. As of April 24, 2021, the Department of Health (DOH) has identified 202 COVID-19 outbreaks in homeless services or shelters. ECF No. 34 at 33, ECF No. 34-1 at 198. | Plaintiffs object to this fact under Fed. R. Evid. 402, contending that this data does not show outbreaks in homeless services or shelters in Yakima. ECF No. 38 at 4. The Court should overrule this objection because the public health justifications for—and state interests served by—the State Moratorium are general and statewide. This fact is relevant because it is of consequence in determining the action. *See* Fed. R. Evid. 401. |
| 22. A rise in evictions, and the lifting of their moratoria, has been found to lead to significant increases in COVID-19 infections and deaths. ECF No. 32 at 8; ECF No. 32-2 at 80; ECF No. 34 at 33–35, ECF No. 34-1 at 204–224, 263–276, 289–295. | Plaintiffs object to this fact, contending that the statement misstates the evidence cited by Dr. Lindquist. ECF No. 38 at 4. The Court should overrule this objection because one particular study discussed and cited by Dr. Lindquist looked at varying expiration dates of state eviction |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| | moratoria to evaluate whether lifting the moratoria was associated with increased COVID-19 spread and mortality. After controlling for other public health measures and state characteristics, the study found that lifting moratoria was associated with higher COVID-19 mortality and higher incidence of COVID-19. *See* ECF No. 34 at 35–36; ECF No. 34-1 at 289–295. Other studies cited by Dr. Lindquist showed, through modeling, significant impacts of evictions moratoria on infections and/or deaths from COVID-19. *See, e.g.*, ECF No. 34-1 at 263–276. |
| 23. Containment of COVID-19 is slower and less effective at reducing the size of the pandemic when evictions are allowed to continue, even under lockdown scenarios. ECF No. 34 at 33–34, ECF No. 34-1 at 204–224. | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. ECF No. 38 at 5. Defendants clarify, however, that the study cited in support of this statement used an |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| | epidemiological model to quantify the effects of evictions. |
| 27. In amending the Moratorium, the Governor's Office sought input from many stakeholders, including residential property owners, managers, and landlords. ECF No. 33 at 12; ECF No. 32 at 11–13. Based on their input, the Governor added several exceptions to protect property owners and induce tenants able to pay rent to do so. *Id.* | Plaintiffs object to this fact under Fed. R. Evid. 402. ECF No. 38 at 5. The Court should overrule this objection because they do not argue why this fact is irrelevant but also because it is relevant to the State's arguments about the reasonableness and aims of the Moratorium. This fact is of consequence in determining the action. *See* Fed. R. Evid. 401. |
| 29. Following input from property owners regarding the treatment of unpaid rent as an enforceable debt, starting with Proclamation 20-19.1, the Moratorium allows owners to treat unpaid rent as an enforceable debt if the tenant was offered but refused a reasonable repayment plan. ECF No. 32 at 12–13. The provision was meant to | Plaintiffs object to this fact, arguing that it is a statement of law. ECF No. 38 at 5. The Court should overrule this objection because the statement includes information on what lead to changes in the Moratorium and the intent for those changes. |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | | |
|---|---|---|
| 1 2 3 4 5 6 | strike a balance between alleviating stress on tenants and providing an avenue for landlords to be made whole; it reduces the risk of "soft evictions" while encouraging landlords and tenants to work together. *Id.* | |
| 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 | 30. The Governor's Office opted to not place the burden of proof on tenants by instead imposing a moratorium on evictions with certain exceptions. ECF No. 32 at 13. This decision was made because, in many cases, tenants in genuine economic distress due to the pandemic are unable to provide adequate proof of their distress. *Id.* Many tenants have informal employment or non-traditional sources of income. For these tenants, proving distress may not be as simple as submitting a copy of a termination letter from an employer. *Id.* A tenant who does | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 6. |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | | |
|---|---|---|
| | not lose their job could be facing pandemic-related economic distress anyway, such as the burden of caring for family members who lost their jobs or are unable to provide for themselves. *Id.* Not all tenants in need of protection are able to submit a declaration of hardship. *Id.* | |
| | 31. The Moratorium and the Governor's public messaging has expressly stated that tenants should pay rent if able and should communicate with their landlords. ECF No. 32 at 13. | Plaintiffs object, arguing that what is stated in the Moratorium is a question of law and that the Governor's public messaging is irrelevant under Fed. R. Evid. 402. *See* ECF No. 38 at 7. The Court should overrule this objection, at least as to the Governor's messaging, because it refers to the Governor's actions reflecting his understanding of the Moratorium's features and requirements. *See* Fed. R. Evid. 401. |
| | 34. The Moratorium does not forgive any debt of unpaid rent and stresses that | Plaintiffs object, arguing that this is a statement of law. *See* ECF No. 38 at 7. |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| tenants "who are not materially affected by COVID-19 should and must continue to pay rent." ECF No. 33-1 at 39. | But neither party asks the Court to interpret this provision of the Moratorium. |
| 35. During the pandemic, at least 18,000 more Washingtonians have had to rely on cash assistance and 160,000 more on food assistance. ECF 32-1 at 147–150. | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 7. |
| 36. Over 1.6 million Washingtonians have filed unemployment claims, and the State's unemployment rate has exceeded its Great Recession peak. ECF No. 32 at 4. Through the first four months of this year, over 265,000 new unemployment claims were filed, showing that the jobs crisis persists more than a year after COVID-19 cases first emerged here. ECF No. 32 at 4–5, ECF No. 32-1 at 147–150; ECF No. 36-1 at 140–48. | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 7–8. |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| 37. Recent Census survey data reported that 10.7% of renters in Washington (160,080 people) are behind on their rent. ECF No. 32-2 at 213. 17.8% of renters (265,342 people) reported having little or no confidence in their ability to make rent. *Id.* at 214. | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 8. |
| 38. An analysis by the Aspen Institute found that 649,000 to 789,000 people in Washington (up to 10.3% of the population) would be at risk of eviction without the Moratorium. ECF No. 32-2 at 8. | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 8. |
| 39. Projections performed by the University of Washington Institute for Health Metrics and Evaluation state that mass evictions would result in between 18,235 to 59,008 more eviction-attributable COVID-19 cases, 1,172 to 5,623 more hospitalizations, and 191 | Plaintiffs object under Fed. R. Evid. 402, arguing that these projections "are not shown to apply in Plaintiffs' tenants' circumstances[.]" ECF No. 38 at 8. The Court should overrule this objection because the public health justifications for—and state interests served by—the |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| to 621 more deaths in Washington State. ECF No. 35-1 at 64–65. | State Moratorium are general and statewide. This fact is relevant because it is of consequence in determining the action. *See* Fed. R. Evid. 401. |
| 40. On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act, which included $150 billion in direct assistance for state, territorial, and tribal governments. Pub. L. No. 116–136, 134 Stat. 281 (2020). From this fund, in early August 2020, Washington allocated more than $100 million in Eviction Rent Assistance Program (ERAP) grants. ECF No. 32 at 9–10. | Plaintiffs object this statement, arguing that it is a statement of law and also irrelevant. *See* ECF No. 38 at 9. The Court should overrule this objection because interpretations of these statutes are not at issue and because the relief provided to tenants and landlords offered through these measures is relevant to the Court's evaluation of the Moratorium's impact and burdens. It is of consequence in determining the action. *See* Fed. R. Evid. 401. |
| 41. ERAP funds, administered by local community organizations, provide up to three months of rent assistance to property owners on an eligible tenant's behalf. ECF No. 32 at 9–10. Cities and | Plaintiffs object to this statement as vague. *See* ECF No. 38 at 9. The Court should overrule this objection because it provides a general overview of the Eviction Rent Assistance Program. |

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

| | |
|---|---|
| local authorities may run their own rental assistance programs, including as encouraged through certain tax programs under state law. *Id.* | |
| 47. In April 2021, the Washington Legislature adopted—and the Governor signed into law—a bill that provides tenant protections during and after this current public health emergency. Under that bill, the eviction moratorium instituted through Proclamation 20-19.6 ends on June 30, 2021. Engrossed Second Substitute S.B. 5160, 67th Leg., Reg. Sess. (Wash. 2021), *enacted as* 2021 Wash. Sess. Laws, ch. 115. | To the extent Plaintiffs object to this statement, the Court should overrule it because they provide no basis for an objection. *See* ECF No. 38 at 9–10. |

DATED this 25th day of June, 2021.

ROBERT W. FERGUSON
Attorney General

*/s/ Cristina Sepe*
CRISTINA SEPE, WSBA #53609
ZACHARY PEKELIS JONES, WSBA #44557
BRIAN H. ROWE, WSBA #56817
Assistant Attorneys General
JEFFREY T. EVEN, WSBA #20367

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

Deputy Solicitor General
800 5th Avenue, Ste. 2000
Seattle, WA 98104
(206) 474-7744
cristina.sepe@atg.wa.gov
zach.jones@atg.wa.gov
brian.rowe@atg.wa.gov
jeffrey.even@atg.wa.gov
*Attorneys for Defendants*

DEFENDANTS' REPLY STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

14

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

# DECLARATION OF SERVICE

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 25th day of June, 2021, at Tacoma, Washington.

*/s/ Cristina Sepe*
CRISTINA SEPE, WSBA #53609
Assistant Attorney General
800 5th Avenue, Ste. 2000
Seattle, WA 98104
(206) 474-7744
cristina.sepe@atg.wa.gov

DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE
NO. 1:20-cv-03182-SAB

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744