Richard M. Stephens
STEPHENS & KLINGE LLP
10900 NE 4ᵀᴴ Street, Suite 2300
Bellevue, WA 98004
425-453-6206

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| ENRIQUE JEVONS, as managing member of Jevons Properties LLC, FREYA K. BURGSTALLER, as trustee of the Freya K. Burgstaller Revocable Trust, JAY GLENN and KENDRA GLENN,<br><br>Plaintiffs,<br><br>vs.<br><br>JAY INSLEE, in his official capacity as Governor of the State of Washington and ROBERT FERGUSON, in his official capacity of the Attorney General of the State of Washington,<br><br>Defendants. | No. 1:20-cv-03182-SAB<br><br>**Plaintiffs' Supplemental Reply Brief regarding *Cedar Point Nursery*** |

Pls. Supp. Reply Brief re *Cedar Point Nursery*
1:20-cv-03182-SAB 1

STEPHENS & KLINGE LLP
10900 NE 4ᵗʰ Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

# INTRODUCTION

This brief is to reply to Defendants' Supplemental brief regarding *Cedar Point Nursery v. Hassim*, ___ U.S. ___, 141 S.Ct. 2063 (2021) (ECF 52). Defendants do not defend on the basis of any exception from the rule that mandated physical occupations are *per se* takings addressed in *Cedar Point Nursery* and in Plaintiffs' Supplemental Brief. ECF 48, at 5-9. Rather, Defendants' overarching themes are that government may regulate landlord-tenant relations, that Plaintiffs' properties are open to the public and that Plaintiffs' invited their tenants to reside in their homes.[1] These themes do not discount *Cedar Point Nursery*'s impact on Plaintiffs' pending claim.

# ARGUMENT

## I
**That government may regulate landlord-tenant relations does not determine whether Defendants mandate a physical occupation of Plaintiffs' property.**

Despite the Supreme Court's reaffirmation of the importance of the right to exclude to the entire bundle of rights that constitutes property, Defendants assert that government is free to regulate the economic relations of landlords and tenants without causing a taking. ECF 52, at 2. Defendants quote *F.C.C. v.*

---

[1] Defendants assert that Plaintiffs seek to "stop the now-expired Evictions Moratorium" by arguing that it is a taking for which compensation is required. ECF 52, at 1. Plaintiffs' Fifth Amendment claim does not seek to stop anything, but to obtain a declaration that the Proclamations cause a taking of property.

Pls. Supp. Reply Brief re *Cedar Point Nursery*
1:20-cv-03182-SAB 1

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

*Florida Power Corp.,* 480 U.S. 245. 252 (1987), as stating "statutes regulating the economic relations of landlords and tenants are not *per se* takings." ECF 52, at 3. Additionally, they rely on *Yee v. City of Escondido*, 503 U.S. 519, 528-29 (1992)), for the proposition that "States have broad power to regulate housing conditions in general and the landlord tenant relationship in particular without paying compensation for all economic injuries such regulation entails." ECF 52, at 3. No one here demands compensation for **all** injuries.

But *Florida Power* and *Yee* are both cases challenging regulation of the price of rent and holding that regulations of rent prices—like numerous prior price control regulations—did not constitute a *per se* taking. The fact that government may regulate the economic relations between landlords and tenants does not answer the question as to whether a particular regulation—requiring landlords to house tenants who break their leases or pay no rent with no prospects of ever recovering the rent—is a *per se* taking because it is mandating a physical occupation of property without compliance with conditions upon which Plaintiffs' invitation to occupy was based. Under Defendants' theory, because the state may regulate landlord-tenant relations, it could mandate that Plaintiffs house their nonpaying and lease breaking tenants indefinitely.

It is also important to recognize that the Court in *Yee* found payment of rent significant. "On the face of the regulatory scheme, neither the city nor the State compels petitioners, once they have rented their property to tenants, to continue doing so." *Yee,* 503 U.S. at 527-28. The city ordinance did not require the tenants' continued occupation when there was "nonpayment of rent." *Id.* at 524.

Pls. Supp. Reply Brief re *Cedar Point Nursery*
1:20-cv-03182-SAB 2

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

The present situation is quite different. Defendants mandate that Plaintiffs continue with the physical occupation of their property by people who pay no rent whatsoever. Continued physical occupation is mandated. While that result may be an appropriate response to the Pandemic and the takings clause of Fifth Amendment does not prohibit the taking of property, it just requires payment of just compensation so that the burden of meeting this public need is shouldered by the public and not just those who are providing rental housing. *See Armstrong v. United States*, 364 U.S. 40, 49 (1960).

That government may regulate landlord-tenant relations is not a free pass to never have to pay compensation when mandating a physical occupation of property when the right to remain has expired by the terms of the lease or by violation of lease requirements. After all, government may also regulate the economic relations between employers and employees, including the right to unionize, which was the backdrop of *Cedar Point Nursery*. The power to regulate does not immunize the government from the requirement to pay just compensation when it mandates the continuation of a physical occupation.

## II
## Plaintiffs' claim that their property has been taken is not eliminated on the theory that their properties are open to the public.

Defendant's second major point is that *Cedar Point Nursery* involves a business that was not "open to the public," and suggesting that Plaintiffs' properties are. ECF 52, at 4. But *Cedar Park Nursery* explains what is meant by being open to the public by specifically citing *PruneYard Shopping Center v. Robins,* 447 U.S. 74 (1980), *cited in Cedar Park Nursery,* 141 S.Ct. at 2076. As

Pls. Supp. Reply Brief re *Cedar Point Nursery*
1:20-cv-03182-SAB 3

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

its name suggests, *PruneYard Shopping Center*, involving a shopping center that was truly open to the public. Anyone could come and go. Plaintiffs' homes which they rent are not open to the public. Rather, they are private spaces which tenants have the right to occupy upon meeting conditions of the lease. Failure to meet the conditions of the lease means that they have no right to occupy, nor do any other members of the public.

### III
### There is no principled reason for concluding that property is not taken simply because Plaintiffs' originally invited their tenants to occupy.

Defendants' argument mandates that if one ever invited someone on to their property, there would be no forced physical occupation of that property if the owner demanded that they leave. Of course, a property owner cannot force someone to leave in violation of the rights provided in a lease. But Defendants' "once invited, stay forever" theory is unsupported by logic or the cases they cite.

### Conclusion

Defendants' Proclamations appropriate Plaintiffs' property to meet a public need. The taking of private property interests has occurred.

Respectfully submitted this 29th day of July, 2021,

>
> Stephens & Klinge LLP
> */s/ Richard M. Stephens*
> WSBA No. 21776
> Stephens & Klinge LLP
> 10900 NE 4th Street, Suite 2300
> Bellevue, WA 98004
> stephens@sklegal.pro
> Attorneys for Plaintiffs

Pls. Supp. Reply Brief re *Cedar Point Nursery*
1:20-cv-03182-SAB 4

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206