1  Richard M. Stephens
2  STEPHENS & KLINGE LLP
   10900 NE 4TH Street, Suite 2300
3  Bellevue, WA 98004
   425-453-6206
4
5
6
7
8           UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF WASHINGTON
9                      AT YAKIMA
10

11 | ENRIQUE JEVONS, as managing | No. 1:20-cv-03182-SAB
   | member of Jevons Properties LLC,
12 | FREYA K. BURGSTALLER, as | **Plaintiffs' Motion for**
   | trustee of the Freya K. Burgstaller | **Reconsideration**
13 | Revocable Trust, JAY GLENN and
   | KENDRA GLENN,
14
                    Plaintiffs,
15                                          11/15/2021
                                            Without Oral Argument
16     vs.

17 JAY INSLEE, in his official capacity as
   Governor of the State of Washington
18 and ROBERT FERGUSON, in his
   official capacity of the Attorney
19 General of the State of Washington,

20                  Defendants.

21

22

23

Pls. Motion for Reconsideration
1:20-cv-03182-SAB 1

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

# INTRODUCTION

Plaintiffs seek reconsideration only of several statements in the Court's Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment (Order) (Dkt. 60) that suggest Plaintiffs could have, but did not, pursue relief under newly enacted legislation referred to as SB 5160. The options available in Yakima where Plaintiffs have their rentals were not known when the motions for summary judgment were briefed, but only that this new law was passed. *See, e.g.*, Dkt. 41, at 14. Reconsideration to consider new evidence relevant to this new issue raised in the Court's Order is appropriate.

# ARGUMENT

## Reconsideration is warranted.

A motion for reconsideration of summary judgment is appropriately brought under Rule 59(e). *Backlund v. Barnhart,* 778 F.2d 1386 (9th Cir. 1985).

> Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.

*White v. Sabatino*, 424 F.Supp.2d 1271, 1274 (D. Haw. 2006)(citations omitted). This motion is brought to correct clear error and prevent manifest injustice regarding the new legislation not implemented until *after* the briefing on the parties' cross motion for summary judgment and subject to a more recent

Motion for Reconsideration
No. 1:20-CV-03182-SAB 1

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

Proclamation. This motion is also based on new evidence because it relates to the effect and implementation of that new legislation, SB 5160, which was not known until *after* the briefing on summary judgment.

On September 21, 2021, the Court entered its Order (Dkt. 60) and Judgment (Dkt. 61) on the parties' cross motions (ECF Nos. 22, 30). Plaintiffs seek reconsideration of the Court's conclusion on the following point, which appears three times in the Order:

> While SB 5160 became effective on April 22, 2021, localities are still working to implement the rental assistance and eviction resolution pilot programs in their jurisdictions. In Yakima County, where Plaintiffs are located, both programs are fully operational.

Dkt. 60 at 6. Similarly, the Order concludes:

> Plaintiffs have not availed themselves of the SB 5160 programs now operational in Yakima County,

Dkt. 60 at 8.

> In Yakima, the SB 5160 programs are fully operational and Plaintiffs may treat unpaid rent or other charges as an enforceable debt that is owing and collectible after following these procedures.

Dkt. 60, at 19.

Although the Order cites no evidence for the proposition that the SB 5160 programs are fully operational in Yakima, these statements suggest that Plaintiffs can either receive the rent or funds equivalent to rent or evict nonpaying tenants and replace them with paying tenants or otherwise treat

Motion for Reconsideration
No. 1:20-CV-03182-SAB  2

unpaid rent as an enforceable debt. The suggestion is mistaken and unsupported by the evidence.

On September 30, 2021, the Governor issued Proclamation 21-09 Tenancy Preservation—A Bridge to E2SSB 5160,[1] which contains several restrictions to last at least as long as October 31, 2021.

For past rent owed from February 29, 2020 through July 31, 2021, landlords are unable to serve any eviction related notice unless there is a "rental assistance program and an eviction resolution pilot program as contemplated by Section 7 of E2SSB 5160 have been implemented and are operational in the county" and "a tenant has been provided with, and has, since July 1, 2021, rejected or failed to respond within 14 days of receipt of such notice to an opportunity to participate in an operational rental assistance program and an operational eviction resolution pilot program provided by E2SSB 5160." Proclamation 21-09.2.

Furthermore, landlords are prohibited from treating unpaid rent as an enforceable debt unless the "landlord and tenant have been provided with an opportunity to resolve nonpayment of rent through a rental assistance program and an eviction resolution pilot program as provided by Section 7 of E2SSB 5160." *Id.*

---

[1] E2SSB refers to Engrossed Second Substitute Senate Bill. The same law is sometimes referred to, as in the Court's Order, as SB 5160.

Motion for Reconsideration
No.  1:20-CV-03182-SAB 3

These conditions cannot be met in at least two circumstances. One is where the tenants are not paying rent, but have too high an income to have "an opportunity to resolve nonpayment of rent through a rental assistance program." Proclamation 21-09.2. As Plaintiff Enrique Jevons explains:

> Jevons Properties LLC has eight tenants whose income is too high to qualify for rental assistance from the rental assistance programs operating in Yakima County. I have asked the rental assistance programs about rental assistance for these tenants and was told by their staff that these tenants' incomes were too high to qualify for rental assistance. Nevertheless, those eight tenants owe over $48,000 in unpaid rent during the effect of the Governor's Proclamations. These tenants cannot be evicted because they have no opportunity to participate in an operational rental assistance program.

Jevons Decl., at 2.

Proclamation 21-09.2 puts the same limit on ever treating unpaid rent as an enforceable debt, which is prohibited "until such time as the landlord and tenant have been provided with an opportunity to resolve nonpayment of rent through a rental assistance program and an eviction resolution pilot program as provided by Section 7 of E2SSB 5160." Proclamation 21-09.2. The result is simply that those tenants who make so much money that they don't qualify for having an opportunity to resolve nonpayment of rent through a rental assistance program, don't have to worry about the landlord treating their year plus unpaid rent as an enforceable debt. Plaintiff Jevons still cannot treat unpaid rent as an enforceable

Motion for Reconsideration
No. 1:20-CV-03182-SAB 4

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

debt under Proclamation 21-09.2, regardless of whether the programs envisioned by SB 5160 are operational in Yakima County.

Additionally, in situations where tenants have moved out, rental assistance programs are unwilling to resolve nonpayment of rent through a rental assistance program or through an eviction resolution pilot program. *See* Declaration of Rick Glenn in Support of Motion for Reconsideration. Plaintiffs Jay and Kendra Glenn have seven tenants who have moved out with a total of $19,619 in unpaid rent accrued during the Proclamations. *Id.* Because they have no opportunity to resolve nonpayment of rent through a rental assistance program, the Glenns cannot treat this debt as an enforceable debt either.

**Conclusion**

Plaintiffs respectfully seek reconsideration as provided in FRCP 59(e), because the combination of E2SSB 5160 and Proclamation 21-09.02 restrict Plaintiffs' ability to evict tenants and treat unpaid rent as an enforceable debt contrary to what the Order indicates.

Respectfully submitted this 14th day of October, 2021.

STEPHENS & KLINGE

*/s/ Richard M. Stephens*
Richard M. Stephens, WSBA #21776
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
425-453-6206

Motion for Reconsideration
No. 1:20-CV-03182-SAB 5

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206

1  stephens@sklegal.pro

2  *Attorney for Plaintiffs*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Motion for Reconsideration
No.  1:20-CV-03182-SAB 6

STEPHENS & KLINGE LLP
10900 NE 4th Street, Suite 2300
Bellevue, WA 98004
(425) 453-6206