CRISTINA SEPE, WSBA #53609
BRIAN H. ROWE, WSBA #56817
Assistant Attorneys General
JEFFREY T. EVEN, WSBA #20367
Deputy Solicitor General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| ENRIQUE JEVONS, as managing member of Jevons Properties LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAY INSLEE, in his official capacity of the Governor of the State of Washington, et al. <br><br> Defendants. | NO. 1:20-cv-03182-SAB <br><br> DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION <br><br> NOTED FOR: Nov. 15, 2021 <br><br> Without Oral Argument |

### I.  INTRODUCTION

Plaintiffs ask the Court to alter its summary judgment ruling in order "to correct clear error and prevent manifest injustice[.]" ECF No. 62 at 2. Plaintiffs base their motion on the Governor's "bridge" proclamation that temporarily followed the eviction moratorium. They assert that Proclamation 21-09.2 continues to bar them from either evicting certain tenants or treating the debts of

DEFENDANTS' RESPONSE TO
PLAINTIFFS' MOTION FOR
RECONSIDERATION
NO. 1:20-cv-03182-SAB

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

other tenants as enforceable debts. Plaintiffs are wrong, both because the bridge proclamation is set to expire of its own terms 72 hours (minus one minute) after this Response is due (and no extension is anticipated), and because Plaintiffs' arguments are unsupported by the text of the proclamation.[1]

## II.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 59(e) offers "'an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *McElmurry v. Ingebritson*, No. 2:16-cv-00419-SAB, 2018 WL 2422746, at *1 (E.D. Wash. May 29, 2018) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). A motion under Rule 59(e) may be granted when: "(1) there is an intervening change in controlling law; (2) the moving party presents newly discovered or previously unavailable evidence; and (3) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based." *Id.* Motions for reconsideration "are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling." *Hunter v. Johnson*, No. CV-09-165-JPH, 2010 WL 148380, at *1 (E.D. Wash. Jan. 13, 2010). Nor is it the "time to ask the court to

---

[1] The Governor's Proclamations are available online at, Washington Governor Jay Inslee, Proclamations, https://www.governor.wa.gov/office-governor/official-actions/proclamations (last visited Oct. 27, 2021).

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

rethink what it has already thought through." *Garrott v. Andrewjeski*, No. CV-10-391-LRS, 2012 WL 3643806, at *1 (E.D. Wash. Aug. 23, 2012) (cleaned up).

**B.    Plaintiffs Offer No Legal Basis for Reconsidering the Court's Summary Judgment Ruling**

**1.    Legal background: Washington's Eviction Moratorium and SB 5160**

Plaintiffs originally filed this action to challenge Proclamation 20-19, which Governor Inslee issued on March 18, 2020. Proclamation 20-19 imposed a temporary moratorium against most residential evictions for nonpayment of rent. The Governor revised and extended that proclamation several times, but it ultimately expired as a matter of law on June 30, 2021. This occurred both by its own terms and under the terms of a newly enacted state statute. Proclamation 20-19.06 at 4; Engrossed Second Substitute S.B. 5160, 67th Leg., Reg. Sess. (Wash. 2021), *enacted as* 2021 Wash. Sess. Laws, ch. 115, § 4(1) (*codified as* Wash. Rev. Code 59.18.630(1)).

The Legislature enacted E2SSB 5160 to govern the eviction process going forward, such that this new law would govern the landlord-tenant relationship following the expiration of the eviction moratorium. But as this Court has correctly explained, "Governor Inslee issued a housing stability 'bridge' proclamation on June 29, 2021, which was intended to 'bridge the operational gap between the eviction moratorium enacted by prior proclamations and the protections and programs subsequently enacted by the Legislature.'" ECF No. 60 at 6–7 (quoting Proclamation 21-09, ¶ 23).

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

Plaintiffs' motion for reconsideration relates only to this temporary bridge proclamation. It does not concern provisions of the earlier eviction moratorium (ending in Proclamation 20-19.06) that Plaintiffs originally sued over, or of the state statutes as revised by E2SSB 5160. Plaintiffs call attention to a provision of the bridge proclamation that precludes landlords from serving any notice of eviction unless a "'rental assistance program and an eviction resolution pilot program as contemplated by Section 7 of E2SSB 5160 *have been implemented and are operational* in the county'" and "'a tenant has been provided with, and has, since July 1, 2021, rejected or failed to respond within 14 days of receipt of such notice to *an opportunity* to participate in an operational rental assistance program and an operational eviction resolution pilot program provided by E2SSB 5160.'" ECF No. 62 at 4 (emphasis added) (quoting Proclamation 21-09.02). Plaintiffs assert that these requirements of the bridge proclamation continue to preclude them from evicting at least some of their tenants or from treating unpaid rent as an enforceable debt.

The bridge proclamation is set to expire at 11:59 pm on October 31, 2021. Proclamation 21-09.2 at 3. The undersigned counsel do not anticipate its extension, and expect that it will expire at the appointed witching hour.[2]

---

[2] This anticipated course of events can be verified after the fact on the Governor's website. *See supra*, n.1. The site lists proclamations in numerical

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

Plaintiffs' arguments on reconsideration depend entirely on Proclamation 21-09.2, and accordingly cannot limit Plaintiffs' actions after the bridge proclamation expires.

### 2. Rental assistance programs do not bar Plaintiffs from evicting tenants on the basis that the tenant makes too much money or that tenants have moved out

Plaintiffs do not dispute that rental assistance programs and the Landlord Mitigation Program are up and running in Yakima County, where they own or manage properties.[3] They simply read the bridge proclamation misleadingly to assert that it continues to bar their actions.

---

order. If Proclamation 21-09.02 were extended, that extension would appear in that list as a Proclamation 21-09.03 shortly after issuance.

[3] Plaintiff Jevons suggests that the eviction resolution pilot program might not be fully functional in Yakima County, but offers no legal argument on this point. His Declaration (but not the reconsideration motion) claims that while the local Dispute Resolution Center is functional, it is not actually providing an eviction resolution pilot program until the bridge proclamation expires. ECF No. 62-1, ¶ 4. This would make no sense, given that the proclamation is written to allow evictions to proceed even if the proclamation is in effect, if the program is up and running. *See* Proclamation 21-09.2 at 4. But this point is irrelevant going forward, given the forthcoming expiration of the bridge proclamation.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

1    Plaintiff Jevons states that he "has eight tenants whose income is too high for them to qualify for rental assistance from the rental assistance programs operating in Yakima County." ECF No. 62-1, ¶ 2. Plaintiffs also assert that, for the same reason, Proclamation 21-09.2 prohibits them from "ever"[4] treating unpaid rent as an enforceable debt. ECF No. 62 at 5.

    Proclamation 21-09.2 nowhere prohibits a landlord from giving a notice of eviction merely because the tenant makes too much money to be eligible for rental assistance. The suggestion of such an effect is counter-intuitive, if not absurd. The Proclamation merely declares that landlords "are prohibited from serving or enforcing . . . an eviction notice . . . until" two circumstances are satisfied. Proclamation 21.09.2 at 4. First, which Plaintiffs do not dispute, "a rental assistance program . . . [has] been implemented and [is] operational in the county." *Id.* And second, a tenant must be provided with notice of "an opportunity to participate in an operational rental assistance program[.]" *Id.* To read the Proclamation as requiring that the landlord actually receive payment from a rental assistance program denies the plain meaning of the Proclamation's words. The Proclamation merely requires "an opportunity" to participate—not an ultimate finding of eligibility for payment. *Id.* It would strain credulity to construe the

---

[4] Plaintiffs offer no explanation as to how a temporary proclamation could forbid a landlord from "ever" taking action for unpaid rent when permitted to do so under a permanent law, such as E2SSB 5160.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

requirement for an "opportunity" to participate in the rental assistance program to mean that the tenant ultimately qualify when the opportunity is offered. *See State of Wash. v. Weatherwax*, 392 P.3d 1054, 1058 (Wash. 2017) ("In interpreting statutes, 'we presume the legislature did not intend absurd results' and thus avoid them where possible." (quoting *State of Wash. v. Eaton*, 229 P.3d 704, 706 (Wash. 2010))).

Plaintiff Glenn also asserts, incongruously, that the Glenn family cannot treat unpaid rent as an enforceable debt because their tenants have moved out. They contend that rental assistance dollars are unavailable when the tenant has moved out. ECF No. 62 at 6; ECF No. 62-2, ¶ 3. Plaintiff Glenn attributes this view to the local landlord mitigation program but misstates the law. State law precludes the use of mitigation dollars only when "the tenant vacated the tenancy *because of an unlawful detainer action* under RCW 59.12.030(3)." RCW 43.31.605(1)(d)(ii) (as enacted by E2SSB 5160, § 5(1)(d)(ii)) (emphasis added).[5] Glenn does not describe the circumstances under which the tenants

---

[5] Otherwise, the law provides for "[u]p to $15,000 in unpaid rent that accrued between March 1, 2020, and six months following the expiration of the eviction moratorium and the tenant being low-income, limited resourced or experiencing hardship, voluntarily vacated or abandoned the tenancy" or if a tenant defaults on a repayment plan entered into under RCW 59.18.630. RCW 43.31.605(1)(d)(i).

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

departed, but merely asserts in blanket fashion that landlord mitigation funds are unavailable if the tenant vacated, without describing the limited circumstances under which this may be true.

But again, treating unpaid rent as an enforceable debt merely requires "an opportunity" to utilize a rental assistance program. Proclamation 21-09.2 at 5. And presumably, if the tenant has moved out nothing bars the landlord from renting the property to a new tenant and seeking to enforce the prior tenant's debt. Given that the Proclamation's purpose includes delaying landlords' actions until a rental assistance program is operational, it would make no sense to construe it as precluding action simply because the tenant has moved out. *See Weatherwax*, 392 P.3d at 1058.

### 3. E2SSB 5160 permits eviction or treating unpaid rent as an enforceable debt under the circumstances Plaintiffs describe

Plaintiffs cite only the bridge proclamation as purported authority for the notion that they are currently unable to evict tenants or treat their unpaid rent as enforceable debts. ECF No. 62 at 4–6. Plaintiffs offer no argument that statutes—including E2SSB 5160—will prohibit these actions after Proclamation 21-09.2 expires. Plaintiffs' arguments thus become irrelevant after the imminent expiration of the proclamation, based as they are in a breathtaking over-reading of language that appears only in the bridge proclamation and not in statute.

Nothing in statute precludes the Plaintiffs from taking action under the circumstances described in the Jevons and Glenn declarations filed in support of

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

reconsideration. The Landlord Mitigation Program itself predates the COVID-19 pandemic. RCW 43.31.605. The Legislature amended it to provide additional, but limited, compensation to landlords for "unpaid rent that accrued between March 1, 2020, and six months following the expiration of the eviction moratorium[.]" RCW 43.31.605(1)(d) (as amended by E2SSB 5160, § 5(1)(d)). Nothing in the law precludes landlords from seeking eviction or treating unpaid rent as a debt merely because tenancy fails to qualify for rental assistance. *See id.* Similarly, nothing in E2SSB 5160 precludes a landlord from treating unpaid rent as an enforceable debt merely because the tenant has vacated the property, except where that the landlord received landlord mitigation funds for that tenant. *See id.*

### III.  CONCLUSION

Defendants request the Court deny Plaintiffs' motion for reconsideration.

DATED this 28th day of October 2021.

> ROBERT W. FERGUSON
> Attorney General
>
> */s/ Jeffrey T. Even*
> JEFFREY T. EVEN, WSBA #20367
> Deputy Solicitor General
> CRISTINA SEPE, WSBA #53609
> BRIAN H. ROWE, WSBA #56817
> Assistant Attorneys General
> 800 Fifth Avenue, Suite 2000
> Seattle, WA  98104-3188
> (206) 474-7744
> jeffrey.even@atg.wa.gov
> cristina.sepe@atg.wa.gov
> brian.rowe@atg.wa.gov
> *Attorneys for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744

**DECLARATION OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF System which will serve a copy of this document upon all counsel of record.

DATED this 28th day of October, 2021, at Olympia, Washington.

*/s/ Jeffrey T. Even*
Jeffrey T. Even, WSBA #20367
Deputy Solicitor General

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION
NO. 1:20-cv-03182-SAB

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 5th Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 474-7744