FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ENRIQUE JEVONS, as managing member of Jevons Properties LLC; JEVONS PROPERTIES LLC; FREYA K. BURGSTALLER, as trustee of the Freya K. Burgstaller Revocable Trust; JAY GLENN; and KENDRA GLENN,

      Plaintiffs,

      v.

ROBERT FERGUSON, in his official capacity of the Attorney General of the State of Washington,

      Defendant.

No. 1:20-CV-3182-SAB

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs' Motion for Reconsideration Re: Order on Motion for Summary Judgment, ECF No. 62. The Motion was considered without oral argument. Plaintiffs are represented by Richard M. Stephens. Defendant is represented by Cristina Sepe, Zachary Jones, Brian Rowe, and Jeffrey Even.

Plaintiffs request the Court reconsider its September 21, 2021 Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Summary Judgment, ECF No. 60. The Court denies the Motion for three reasons.

**ORDER DENYING MOTION FOR RECONSIDERATION** *1

1    As an initial matter, Plaintiffs' Motion amounts to a request for an advisory

2 opinion. The bridge eviction moratorium, which was challenged in this action,

3 expired at 11:59 p.m. on October 31, 2021. *See* Wash. Proc. 21-09.2. Thus, the

4 circumstances surrounding the parties' cross-motions for summary judgment are

5 moot. ECF No. 60 at 10–12. Plaintiffs now seek reconsideration of that judgment

6 due to the expired moratorium's *combined* effect with the Washington State

7 Legislature's Engrossed Second Substitute Senate Bill 5160 ("E2SSB 5160"). ECF

8 No. 62 at 6. Curiously, Plaintiffs in essence request guidance on how they may

9 proceed with evictions and enforcing debt against former tenants under operational

10 state law. It is improper for federal courts to provide advisory opinions to parties.

11 *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000)

12 ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical

13 cases, but to adjudicate live cases and controversies consistent with the powers

14 granted [to] the judiciary in Article III of the Constitution.") (citing U.S. Const. art.

15 III). The Court declines to provide such advice or permit Plaintiffs to challenge the

16 legality of a separate state statute through a Motion for Reconsideration.

17    Even if there was an active case or controversy, the Court declines to

18 entertain Plaintiffs' dubious arguments regarding E2SSB 5160 because they rest on

19 a misinterpretation of the Court's September 21, 2021 Order.[1] Plaintiffs argue that

20 the Court's mere citation to these programs being operational in Yakima County at

21 that time "suggest" that Plaintiffs could "receive the rent or funds equivalent to

22 rent or evict nonpaying tenants . . . or otherwise treat rent as an enforceable debt."

23 ECF No. 62 at 3–4. Yet, the Court's Order does not actually state this. ECF No. 60

24

---

25 [1] In the Order, the Court noted that the E2SSB 5160 programs were operational in

26 Yakima County, where Plaintiffs own and manage their properties, and that

27 Plaintiffs had not availed themselves of those options at the time. ECF No. 60 at 6,

28 8, 19. Plaintiffs still do not dispute these facts.

**ORDER DENYING MOTION FOR RECONSIDERATION** *2

1 | at 6, 8, 19. And for the reason discussed above, it is not this Court's role to provide

2 | advisory opinions on how Plaintiffs may enforce their contractual rights.

3 |       Finally, Plaintiffs have failed to meet the standard for reconsideration of a

4 | final judgment. A party may move to alter or amend a judgment under Federal

5 | Rule of Civil Procedure 59(e) if (1) such motion is necessary to correct manifest

6 | errors of law or fact upon which the judgment rests; (2) such motion is necessary to

7 | present newly discovered or previously unavailable evidence; (3) such motion is

8 | necessary to prevent manifest injustice; and/or (4) the amendment is justified by an

9 | intervening change in controlling law. *McDowell v. Calderon*, 197 F.3d 1253,

10 | 1255 n.1 (9th Cir. 1999). Plaintiffs assert the Motion is brought to correct clear

11 | error and prevent manifest injustice because of new information regarding

12 | implementation of the E2SSB 5160 programs. ECF No. 62 at 2–3. The Court

13 | disagrees.

14 |       First, as Plaintiffs do not dispute the *fact* that the programs were operational

15 | in Yakima County and that they had not availed themselves of those programs,

16 | there is no clear error or manifest justice to correct. Second, just as the Court

17 | accepted additional facts during the parties' oral argument on August 24, 2021,

18 | ECF Nos. 58, 59, the Court finds that Plaintiffs could have presented the same

19 | arguments regarding E2SSB 5160's impact prior to adjudication. Notably,

20 | Plaintiffs' arguments primarily rely on the language of the moratorium and E2SSB

21 | 5160—both of which were readily available to the parties and discussed during

22 | oral argument.

23 |       That all being the case, the Court denies Plaintiffs' Motion for

24 | Reconsideration with prejudice. Plaintiffs may not have a second bite at the apple.

25 | //

26 | //

27 | //

28 | //

**ORDER DENYING MOTION FOR RECONSIDERATION *3**

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiffs' Motion for Reconsideration Re: Order on Motion for Summary Judgment, ECF No. 62, is **DENIED with prejudice**.

2.     The District Court Executive is directed to **CLOSE** the file.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and **CLOSE** the file.

**DATED** this 15th day of December 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION** *4